FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 30, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS CAUDILLO,<br><br>Defendant. | No. 1:25-CR-02064-MKD-2<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S UNOPPOSED MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>**ECF No. 42** |

Before the Court is Defendant's Unopposed Motion to Modify Conditions of Release (ECF No. 42). Defendant was represented by court-appointed attorney Nicholas Marchi on the motion.

Defendant requests that the Court modify Special Condition No. 6 to impose a curfew rather than home detention. ECF No. 42. However, the Court ordered Defendant released on home incarceration, which is a more restrictive level of location monitoring than home detention. ECF No. 32. United States Probation/Pretrial Services confirmed for the Court that Defendant has been subject to home incarceration since his release in May 2025, but for one occasion when he was given permission to pick up and drop off his son at daycare. United States Probation/Pretrial Services also informed the Court that Defendant completed his last term of imprisonment in March 2020.

ORDER - 1

The United States has no objection to Defendant's request, and United States Probation/Pretrial Services supports the request. ECF No. 42.

Given that Defendant's probation officer supports lowering his level of location monitoring, there have been no allegations of noncompliance since Defendant was released in May 2025, Defendant has extensive ties to his community, and apart from this case, Defendant has not faced any other allegations of criminal conduct since his release from imprisonment in March 2020, the Court will lower Defendant's level of location monitoring to home detention. However, the Court will not yet lower the level of monitoring to the greater level of freedom of a curfew due to the seriousness of the alleged offense conduct—that is, possessing a firearm with an obliterated serial number in the vicinity of controlled substances, ECF No. 32. Defendant may renew his request for a curfew at a later date once he has demonstrated compliance on home detention.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Modify Conditions of Release (**ECF No. 42**) is **GRANTED IN PART AND DENIED IN PART**.

2. **Special Condition No. 6 (ECF No. 32) is MODIFIED** in its entirety to read **as follows:**

> 6. **Home Detention:** Defendant shall be restricted to the approved residence at all times except for attorney visits; court appearances; case-related matters; court-ordered obligations. Defendant may attend other essential activities as pre-approved by the

ORDER - 2

United States Probation/Pretrial Services Office, including but not limited to employment; grocery shopping; primary caregiving; religious services; medical necessities; and substance abuse testing or treatment.

3. All other terms and conditions of pretrial release not inconsistent herewith shall remain in full force and effect.

**IT IS SO ORDERED.**

DATED October 30, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 3